UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 05-50023 |
| Plaintiff, | Paul V. Gadola<br>U.S. District Judge |
| vs. | |
| JOHNATHAN LAMAR FISHER, | Michael Hluchaniuk<br>U.S. Magistrate Judge |
| Defendant, _____/ | |

**ORDER OF CLARIFICATION REGARDING
PRIOR ORDER OF DETENTION**

Defendant, Johnathan Lamar Fisher, appeared in court on February 14, 2008, for the purpose of an arraignment on the charges in the present indictment. Defendant, with the advice of counsel, "consented" to detention pending the trial in this matter and an Order Of Detention Pending Trial was entered on that date. (Dkt. # 140). Since that time the parties have submitted a "Stipulated Clarification Of Defendant Johnathan Lamar Fisher's Position With Regard To His Pretrial Detention" and proposed order.

1

Certain aspects of the stipulation of the parties and proposed order are not acceptable to the Court and, therefore, this order will be entered rather than the proposed order of the parties. First, the stipulation of the parties provides that "declining to require a detention hearing shall not be construed as [defendant's] consent to pretrial detention." This is inconsistent with defendant's position at the time of the arraignment and is not an acceptable "clarification" of the results of the hearing on February 14, 2008. The government requested detention and defendant, with advice of counsel, waived a hearing on detention and consented to detention pending trial on the charges. The resulting order was not legally different than if a hearing had been held and defendant was detained pursuant to the factors in 18 U.S.C. § 3142(g). Defendant's consent to detention was knowing and voluntary. The Court cannot construe defendant's "consent" in any other fashion.

Having said that, a defendant who has been detained can always "reopen" a detention matter by raising "information ... that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the

defendant] and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant, like any other defendant who has been detained pending trial, is always able to ask for a reconsideration of the initial decision based on a change in circumstances. This alternative is in addition to a defendant's appellate rights relating to a bond condition. 18 U.S.C. § 3145.

Second, the parties included in the stipulation and proposed order a provision purporting to deem the time that defendant has spent in pretrial detention as not excludable delay under the Speedy Trial Act. The Speedy Trial "clock" presumptively begins to run at the time of defendant's arraignment, or before, and does not stop until an excludable delay finding is made. 18 U.S.C. § 3161(c)(1). No such finding has been made in this case. While it seems entirely unnecessary to make a "negative" Speedy Trial Act/excludable delay determination, it is clear that there is nothing about defendant's detention, known to the Court at the present time, that would warrant a finding of excludable delay based solely on his detention.

To clarify the prior order of the Court (Dkt. # 140), **IT IS HEREBY ORDERED** that defendant is detained pending trial subject to defendant reopening the issue of detention based on a change in circumstances. No order

will be entered with respect to the Speedy Trial Act implications of defendant's detention because, under the circumstances, it is unnecessary to enter such an order at this time.

                                                                         s/Michael Hluchaniuk
Date: March 20, 2008                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I hereby certify that on March 20, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Robert W. Haviland, AUSA, Robert S. Harrison, Esq., and Matthew D. Klakulak, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

                                                    s/James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church Street
                                                  Flint, MI 48502
                                                  (810) 341-7850
                                                  pete_peltier@mied.uscourts.gov